UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION


UNITED STATES OF AMERICA,           *      Docket No. 10-164
                    Plaintiff,      *
                                    *
VS                                  *      March 25, 2011
                                    *
DR. ALLISON HARGRAVE,               *
                    Defendant.      *      Lafayette, Louisiana
*****************************************************************

REPORTER'S OFFICIAL TRANSCRIPT OF THE PLEA HEARING
BEFORE THE HONORABLE RICHARD T. HAIK, SR.,
UNITED STATES DISTRICT JUDGE.



**APPEARANCES:**


For the Government:          U.S. Attorney's Office
                             BY: LUKE WALKER
                             800 Lafayette, Ste. 2200
                             Lafayette, LA  70501

For the Defendant:           Stockstill Law Firm
                             BY: J. KEVIN STOCKSTILL
                             102 Versailles, Ste. 310
                             Lafayette, LA  70501




**REPORTED BY:**   Mary V. Thompson, RMR, FCRR
                   800 Lafayette Street, Ste. 3105
                   Lafayette, Louisiana 70501
                   (337)593-5222

```
 1                    P R O C E E D I N G S

 2

 3          THE COURT:  The next matter we have is the matter

 4  of United States of America versus Dr. Allison Hargrave,

 5  Criminal Action Number 10-00164.  Dr. Hargrave is present in

 6  court with retained counsel, Mr. Kevin Stockstill.

 7          MR. STOCKSTILL:  Yes, sir.

 8          THE COURT:  Would y'all come to the podium, please.

 9          It is my understanding, Mr. Stockstill, your client

10  intends to change her former plea of not guilty to guilty to

11  Count 1 of the indictment.

12          MR. STOCKSTILL:  That's right, Your Honor.

13          THE COURT:  Is that correct?

14          THE DEFENDANT:  Yes, it is.

15          THE COURT:  All right.  Before accepting your

16  guilty plea there are a number of questions that I must ask

17  you, Dr. Hargrave, to assure myself that this is a valid

18  plea.  If you do not understand any of my questions, please

19  say so since it is essential to a valid plea that you

20  understand each question before you answer.  Okay?

21          And we're going to swear you in at this time.

22                              (The oath was administered.)

23          THE COURT:  And do you understand that, having been

24  sworn, your answers to my questions will subject you to the

25  penalties of perjury or making of false statements if you do
```

1    not answer truthfully?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  All right.  So that means if you don't

4    understand anything, ask me to explain it.  All right?  I'll

5    be happy to explain it.  Okay?

6            Let's start with your full name for the record,

7    please.

8            THE DEFENDANT:  Allison Campo Hargrave.

9            THE COURT:  And your education?

10           THE DEFENDANT:  I'm an M D.

11           THE COURT:  You can obviously read, write, speak,

12   and understand the English language?

13           THE DEFENDANT:  Yes, sir.

14           THE COURT:  All right.  Have you taken any narcotic

15   drugs today, any medicine or pills, or drunk any alcoholic

16   beverage within the past 24 hours?

17           THE DEFENDANT:  I take prescription medication.

18   That's all I've had.

19           THE COURT:  I'm sorry.  What?

20           THE DEFENDANT:  That's the only thing I've had.

21           THE COURT:  What is that?  What kind of medication?

22           THE DEFENDANT:  I've taken two antidepressants this

23   morning, Wellbutrin and Lexapro.

24           THE COURT:  You look pretty calm and you look like

25   you understand what you are doing here today.  The reason for

1    the question is to make sure that you do understand what you
2    are doing in court.  Do you understand?
3              THE DEFENDANT:  Yes, sir.
4              THE COURT:  All right.  Has that medication given
5    you any problems pertaining to your ability to comprehend
6    what's going on?
7              THE DEFENDANT:  No, sir.
8              THE COURT:  It doesn't make you dizzy, doesn't make
9    you not understand, doesn't blur your vision, or any of that
10   kind of stuff?
11             THE DEFENDANT:  No, sir.
12             THE COURT:  Okay.  So do you understand what you
13   are doing here today?
14             THE DEFENDANT:  Yes, sir, I do.
15             THE COURT:  And what is that?
16             THE DEFENDANT:  Today I'm here to plead guilty to
17   Count 1, which is attempting to entice a minor to engage in
18   criminal sexual activity.
19             THE COURT:  All right.  Any doubt in your mind,
20   Mr. Stockstill, your client is competent to enter a plea at
21   this time?
22             MR. STOCKSTILL:  No doubt, Your Honor.
23             THE COURT:  Dr. Hargrave, have you had ample
24   opportunity to discuss your case with your attorney?
25             THE DEFENDANT:  Yes, sir.

1          THE COURT:  Are you satisfied with his

2   representation of you?

3          THE DEFENDANT:  Yes, I am.

4          THE COURT:  Do you feel that he knows and

5   understands the facts and circumstances surrounding the case

6   the government has against you?

7          THE DEFENDANT:  Yes, I do.

8          THE COURT:  And do you feel it's in your best

9   interest to enter a plea of guilty to Count 1 of the

10   indictment at this time?

11          THE DEFENDANT:  I do.

12          THE COURT:  All right.  I know you and

13   Mr. Stockstill have gone through your constitutional rights.

14   He has done -- he does a lot of criminal defense work, and

15   I'm sure he has gone through all the things he has to go

16   through, but I need to ask you these questions.

17          Do you understand that under the Constitution and

18   laws of the United States you are entitled to a trial by a

19   jury or a judge on the charges contained in the indictment?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  And do you further understand that at a

22   trial you would be presumed to be innocent, and the

23   government would have to overcome that presumption by good

24   and competent evidence and beyond a reasonable doubt and you

25   would not have to prove that you were innocent?

1        THE DEFENDANT:  Yes, sir.

2        THE COURT:  Do you further understand that in the

3   course of the trial the witnesses for the government would

4   have to come to court and testify in your presence, and your

5   counsel could cross-examine witnesses for the government,

6   object to evidence offered by the government, and offer

7   evidence on your behalf if you wish to do so?

8        THE DEFENDANT:  Yes, sir.

9        THE COURT:  Do you further understand that at a

10  trial, while you would have the right to testify if you chose

11  to do so, you also would have the right not to be compelled

12  to incriminate yourself?  That is, you would have the right

13  not to testify and that could not be held against you.

14       THE DEFENDANT:  Yes, sir.

15       THE COURT:  And I'm sure Mr. Stockstill has gone

16  through all of this with you.

17       THE DEFENDANT:  Yes, he has.

18       THE COURT:  If you plead guilty and if I accept

19  your guilty plea, do you understand you will have to waive

20  your right to a trial and the other rights we've just

21  discussed?

22       THE DEFENDANT:  Yes, sir.

23       THE COURT:  There will be no further trial and I'll

24  simply enter a judgment of guilty and sentence you on a later

25  date on the basis of your guilty plea.

1          THE DEFENDANT:  Okay.

2          THE COURT:  Do you understand that?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  If you plead guilty do you also

5   understand that you will have to waive your right not to

6   incriminate yourself since I will have to ask you questions

7   about what you did in order to satisfy myself that you are,

8   in fact, guilty as charged, and you will have to acknowledge

9   your guilt?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Are you willing to waive and give up

12   those rights to a trial and the other rights we've just

13   discussed?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Have you received and reviewed and read

16   a copy of the indictment that has been filed against you?

17          THE DEFENDANT:  Yes, I have.

18          THE COURT:  You should have a plea packet in front

19   of you right there.  Do you have that in front of you?

20          THE DEFENDANT:  Yes, I do.

21          THE COURT:  Do you have a copy of the indictment

22   that is there?

23          THE DEFENDANT:  Yes, I do.

24          THE COURT:  Okay.  And it says:  Indictment.

25   Count 1, Attempting to Entice a Minor to Engage in Criminal

1    Sexual Activity.  Do you have that in front of you?

2              THE DEFENDANT:  Yes.

3              THE COURT:  It says:  Beginning on or about the

4    12th day of October, 2009, and continuing until an unknown

5    date but reasonably near to the 16th day of February, 2010,

6    in the Western District of Louisiana, the defendant,

7    Dr. Allison Hargrave, using a facility in interstate

8    commerce, did knowingly attempt to persuade, induce, entice

9    or coerce a minor to engage in sexual activity for which a

10   person could be charged with a criminal offense in violation

11   of Title 18, United States Code, Section 2422(b).

12             Is that the count to which you are pleading guilty?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  And you've read over this

15   count thoroughly with your attorney, Mr. Stockstill?

16             THE DEFENDANT:  Yes, sir, I have.

17             THE COURT:  Do you understand every word, line,

18   sentence, and paragraph of this document?

19             THE DEFENDANT:  Yes, I do.

20             THE COURT:  Is there anything in this document

21   entitled indictment you do not understand?

22             THE DEFENDANT:  No, sir.

23             THE COURT:  You understand it all?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  And, Mr. Stockstill, did you read over

1   Count 1 of the indictment with your client?

2          MR. STOCKSTILL:  Yes, sir.

3          THE COURT:  Any doubt in your mind she understands

4   every word, line, sentence, and paragraph of this document?

5          MR. STOCKSTILL:  No doubt.

6          THE COURT:  And did you answer all questions she

7   may have had pertaining to the indictment?

8          MR. STOCKSTILL:  Yes, sir.

9          THE COURT:  All right.

10         The next document you should have before you, then,

11   Dr. Hargrave, are the elements of the offense.  Do you have

12   that before you?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  And you see where it says elements of

15   the offense are using a facility in interstate commerce to

16   attempt to entice a minor to engage in criminal sexual

17   activity?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  And do you understand these are the

20   elements of the offense that the government must prove by

21   good and competent evidence and beyond a reasonable doubt

22   before you could be found guilty of this particular charge?

23         THE DEFENDANT:  Yes.

24         THE COURT:  And there is no signature line on this,

25   but you've read over this document thoroughly with

1    Mr. Stockstill?

2              THE DEFENDANT:  Yes, I have.

3              THE COURT:  And do you understand every word, line,

4    sentence, and paragraph of this document?

5              THE DEFENDANT:  Yes, I do.

6              THE COURT:  Is there anything in this document

7    entitled Elements of the Offense that you do not understand?

8              THE DEFENDANT:  No, sir.

9              THE COURT:  You understand it all?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  And, Mr. Stockstill, have you gone over

12   the elements of the offense with your client, Dr. Hargrave?

13             MR. STOCKSTILL:  Yes, sir.

14             THE COURT:  Any doubt in your mind that she

15   understands every word, line, sentence, and paragraph of this

16   document?

17             MR. STOCKSTILL:  No doubt.

18             THE COURT:  The next document you should then have

19   in front of you, Dr. Hargrave, is the document entitled

20   Affidavit of Understanding of Maximum Penalty and

21   Constitutional Rights.  Do you have that in front of you?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  Have you read over this document

24   thoroughly with your attorney, Mr. Stockstill?

25             THE DEFENDANT:  Yes, I have.

1          THE COURT:  On Page 1 in bold print it says
2    "penalty."  Do you see that there?
3          THE DEFENDANT:  Yes, sir.
4          THE COURT:  It says:  Count 1, a term of
5    imprisonment not less than 10 years nor more than life; a
6    fine of not more than $250,000 or both; a term of supervised
7    release of not less than five years nor more than life in
8    length in addition to any term of imprisonment imposed by the
9    Court; and a $100 special assessment fee.
10          Do you understand that that's the maximum and
11    minimum you could receive in this matter?
12          THE DEFENDANT:  Yes, sir.
13          THE COURT:  And you've read over this thoroughly
14    with Mr. Stockstill?
15          THE DEFENDANT:  Yes, I have.
16          THE COURT:  Is that your signature on the second
17    page of that document?
18          THE DEFENDANT:  Yes, it is.
19          THE COURT:  Did you sign this document only after
20    reviewing it thoroughly with Mr. Stockstill?
21          THE DEFENDANT:  Yes, sir.
22          THE COURT:  And do you understand every word, line,
23    sentence, and paragraph of this document?
24          THE DEFENDANT:  Yes, I do.
25          THE COURT:  Is there anything in this document you

1  do not understand?

2          THE DEFENDANT:  No, sir.

3          THE COURT:  You understand it all?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  And, Mr. Stockstill, is that your

6  signature under Dr. Hargrave's?

7          MR. STOCKSTILL:  Yes, sir, it is.

8          THE COURT:  By signing this document are you

9  advising the Court that you have gone through this document

10  thoroughly with your client?

11          MR. STOCKSTILL:  Yes, sir.

12          THE COURT:  Any doubt in your mind she understands

13  every word, line, sentence, and paragraph of this document?

14          MR. STOCKSTILL:  No doubt.

15          THE COURT:  Any doubt in your mind she understands

16  the penalty provision in this document?

17          MR. STOCKSTILL:  No doubt.

18          THE COURT:  All right.

19          Dr. Hargrave, has anyone made any -- has anyone

20  threatened you or leaned on you or forced you in any way to

21  plead guilty or told you if you did not plead guilty further

22  charges would be brought against you or other adverse action

23  would be taken against you?

24          THE DEFENDANT:  No, sir.

25          THE COURT:  And do you understand the plea

1  agreements are permissible and you and all counsel have a

2  duty to disclose the terms and existence of any such

3  agreement?

4            THE DEFENDANT:  Yes, sir.

5            THE COURT:  And you did, in fact, sign a plea

6  agreement in this matter; is that right?

7            THE DEFENDANT:  Yes, sir.

8            THE COURT:  That is a five-page -- a five-page

9  document, I think, with the fifth page having a signature

10  line for you.  Is that your signature on the fifth page?

11            THE DEFENDANT:  Yes, sir, it is.

12            THE COURT:  Did you sign this document only after

13  reviewing it thoroughly with your attorney, Mr. Stockstill?

14            THE DEFENDANT:  Yes, I did.

15            THE COURT:  Do you understand every word, line,

16  sentence, and paragraph of this document?

17            THE DEFENDANT:  Yes, I do.

18            THE COURT:  Is there anything in this document you

19  do not understand?

20            THE DEFENDANT:  No, sir.

21            THE COURT:  You understand it all?

22            THE DEFENDANT:  Yes, sir.

23            THE COURT:  And, Mr. Stockstill, is that your

24  signature on Page 4 of this document?

25            MR. STOCKSTILL:  Yes, sir.

1          THE COURT:  By signing this document are you

2     advising the Court that you have gone through the document

3     entitled Plea Agreement thoroughly with your client,

4     Dr. Hargrave?

5          MR. STOCKSTILL:  Yes, sir.

6          THE COURT:  Any doubt in your mind that she

7     understands every word, line, sentence, and paragraph of this

8     document?

9          MR. STOCKSTILL:  No doubt, Your Honor.

10         THE COURT:  All right.  And this is the totality of

11    the agreement by and between you, your client, and the U.S.

12    Attorney's office?

13         MR. STOCKSTILL:  Yes, sir.

14         THE COURT:  Is that correct, Dr. Hargrave?

15         THE DEFENDANT:  Yes, it is.

16         THE COURT:  Is that correct, Mr. Walker?

17         MR. WALKER:  It is.

18         THE COURT:  That is your signature on this document

19    on the fifth page, Mr. Walker?

20         MR. WALKER:  It is, Your Honor.

21         THE COURT:  Has anyone made any promises other than

22    the plea agreement that has induced you to plead guilty,

23    Dr. Hargrave?

24         THE DEFENDANT:  No, sir.

25         THE COURT:  Do you understand that any sentence

1    recommended or agreed to by your counsel and the

2    United States Attorney is not binding on the Court, and that

3    you might, on the basis of your guilty plea, receive a more

4    severe sentence than requested or recommended?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  You understand it's up to me to make

7    the -- do the sentencing?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  Although I cannot go lower than the

10   10 years.  You understand that?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  All right.  Has anyone made any

13   predictions, prophecies, or promises to you as to what your

14   sentence would be?

15             THE DEFENDANT:  No, sir.

16             THE COURT:  I'm going to presume that

17   Mr. Stockstill has gone through the sentencing guidelines

18   that might apply to this case.

19             THE DEFENDANT:  Yes, he has.

20             THE COURT:  He is supposed to do that.  Do you

21   understand that the Court will not be able to determine the

22   guideline sentence for your case until after the presentence

23   report has been completed and you and the government have an

24   opportunity to challenge the facts reported by the probation

25   officer?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Do you also understand that after it

3    has been determined what guidelines apply to your case, the

4    Court has the authority in some circumstances to impose a

5    sentence that is more severe or less severe than the sentence

6    called for in the guidelines?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Do you further understand that under

9    some circumstances you or the government may have a right to

10   appeal any sentence I impose?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  And do you also understand that parole

13   has been abolished and that if you are sentenced to prison

14   you will not be released on parole?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  Do you further understand that in every

17   criminal case in which a defendant may be sentenced to more

18   than one year of imprisonment, as in this case, that the

19   Court shall order a term of supervised release following that

20   imprisonment for a length of term of not less than five years

21   nor more than life in your case?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  And do you further understand that if

24   the sentence is more severe than you expected, you will still

25   be bound by your plea and you'll have no right to withdraw

1    it?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  The next document you should then have

4    before you, Dr. Hargrave, is the factual basis for the plea.

5    Do you see that there?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  That's a three-page document with the

8    third page having a signature line.  We're going to go

9    through this document, and we're going to pick it up on the

10   second paragraph of the first page.  Okay?

11             THE DEFENDANT:  Okay.

12             THE COURT:  See where it says in the spring --

13   you've read this already with Mr. Stockstill?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  And you've already signed it?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  Okay.

18             In the spring of 2009 the defendant, Dr. Allison

19   Hargrave, was a counselor and yoga instructor at a private

20   school located in Lafayette, Louisiana.

21             Is that true?

22             THE DEFENDANT:  Yes, it is.

23             THE COURT:  While there she began counseling a

24   14-year-old minor female.

25             Is that true?

1          THE DEFENDANT:  Yes, it is.

2          THE COURT:  The relationship between the defendant,

3   Dr. Allison Hargrave, and the minor female student continued

4   through the summer of 2009.

5          Is that true?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  In the fall of 2009 the defendant,

8   Dr. Allison Hargrave, began text and e-mailing the minor

9   female student.

10          Is that true?

11          THE DEFENDANT:  Yes.

12          THE COURT:  In those e-mails and text messages the

13   defendant, Dr. Allison Hargrave, graphically discussed

14   engaging in sexual activities with the minor.

15          Is that true?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  The defendant also discussed meeting

18   with the minor female student to engage in sexual activities.

19          Is that true?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  In the fall of 2009 the defendant,

22   Dr. Allison Hargrave, met with the minor female student and

23   engaged in sexual activities with her.

24          Is that true?

25          THE DEFENDANT:  Yes, sir.

1          THE COURT:  After engaging in these sexual

2     activities with the minor student throughout 2009 and in

3     January of 2010, the defendant, Dr. Allison Hargrave,

4     continued to text and e-mail the minor female student and

5     graphically discuss matters of a sexual nature.

6          Is that true?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  The defendant, Dr. Allison Hargrave,

9     also used texting and e-mailing as a method of telling the

10    minor female student when and where they could meet to engage

11    in sexual activities.

12         Is that true?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  The defendant, Dr. Allison Hargrave,

15    engaged in sexual activities on multiple occasions with the

16    minor female student during the fall of 2009.

17         Is that true?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  All right.  Under Louisiana law, if an

20    adult female with the intent to rouse on gratify the sexual

21    desires of any of either -- of any of either person engages

22    in lewd and lascivious acts upon a minor under the age of 17

23    where that minor is of an age difference of greater than two

24    years, the adult is guilty of indecent behavior with the

25    juvenile pursuant to Louisiana Revised Statute 1481.

```
 1            Do you understand that to be true?
 2            THE DEFENDANT:  Yes, sir.
 3            THE COURT:  Mr. Stockstill has explained that to
 4   you?
 5            THE DEFENDANT:  Yes, he has.
 6            THE COURT:  Have you read the statute itself?
 7            THE DEFENDANT:  Yeah, I have read the statute.
 8            THE COURT:  Okay.
 9            Because the defendant was over the age of 21 -- and
10   I presume that you are; is that correct?
11            THE DEFENDANT:  Yes, sir.
12            THE COURT:  Did I ask you how old you were when
13   this started?
14            THE DEFENDANT:  No, sir.
15            THE COURT:  How old are you?
16            THE DEFENDANT:  I'm 40.
17            THE COURT:  Okay.
18            Because the defendant was over the age of 21 at the
19   time she was engaged in sexual acts with the minor female
20   student and the minor female student was under the age of 16,
21   the defendant, Dr. Allison Hargrave, committed the state
22   crime of indecent behavior with a juvenile.
23            You understand that to be true?
24            THE DEFENDANT:  Yes, sir.
25            THE COURT:  A cellular telephone is a facility in
```

1    interstate commerce because it can be used to call or text a
2    person in another state.
3              Do you understand that?
4              THE DEFENDANT:  Yes, sir.
5              THE COURT:  A computer using the internet is also a
6    facility in interstate commerce because by the nature it
7    transmits data across state lines.
8              Do you also know that to be true?
9              THE DEFENDANT:  Yes, sir.
10             THE COURT:  As a result of this, the defendant,
11   Dr. Allison Hargrave, used a facility in interstate commerce
12   to entice a minor to engage in criminal sexual activities.
13             Is that true?
14             THE DEFENDANT:  Yes, sir.
15             THE COURT:  It goes on to say that all of the above
16   occurred in Lafayette, Louisiana.  As such, all of the
17   criminal activity occurred in the Western District of
18   Louisiana.
19             Is that also true?
20             THE DEFENDANT:  Yes, sir.
21             THE COURT:  All right.  And is that your signature
22   on Page 3 of that document?
23             THE DEFENDANT:  Yes, it is.
24             THE COURT:  Did you sign this document only after
25   reviewing it thoroughly with your client -- with your

1    counsel, Mr. Stockstill?

2              THE DEFENDANT:  Yes.

3              THE COURT:  And do you understand every word, line,

4    sentence, and paragraph of this document?

5              THE DEFENDANT:  Yes, I do.

6              THE COURT:  And is everything in this document true

7    and correct to the best of your knowledge, information, and

8    belief?

9              THE DEFENDANT:  Yes, it is.

10             THE COURT:  Did you do what the government said you

11   did in this document?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  Any doubt in your mind, Dr. Hargrave,

14   the government could prove everything they have said in this

15   document?

16             THE DEFENDANT:  No doubt.

17             THE COURT:  Is there any inaccuracy in the document

18   entitled Factual Basis For the Plea?

19             THE DEFENDANT:  No, sir.

20             THE COURT:  Okay.  So you did what the government

21   said you did?  It's accurate, you understand it, and you

22   agree that you did it?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  All right.

25             Mr. Stockstill, is this your signature on Page 3 of

1   this document?

2          MR. STOCKSTILL:  Yes, sir.

3          THE COURT:  Did you sign this document only after

4   going through it thoroughly with your client, Dr. Hargrave?

5          MR. STOCKSTILL:  Yes, sir.

6          THE COURT:  Any doubt in your mind that she

7   understands every word, line, sentence, and paragraph of this

8   document?

9          MR. STOCKSTILL:  No doubt.

10          THE COURT:  And do you understand every word, line,

11   sentence, and paragraph of this document?

12          THE DEFENDANT:  Yes, I do.

13          THE COURT:  You understand it all?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  Any doubt in your mind, Mr. Stockstill,

16   that the government could prove every essential element of

17   this case and everything they have outlined in the factual

18   stipulation?

19          MR. STOCKSTILL:  No, sir, no doubt.

20          THE COURT:  And you feel it's in your client's best

21   interest to enter a plea of guilty to Count 1 of the

22   indictment at this time?

23          MR. STOCKSTILL:  Yes, sir.

24          THE COURT:  And, Dr. Hargrave, do you feel it's in

25   your best interest to enter a plea of guilty to Count 1 of

1   the indictment at this time?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  Mr. Walker, is this your signature on

4   Page 3 of this document?

5              MR. WALKER:  It is, Your Honor.

6              THE COURT:  By signing this document are you

7   advising the Court that in your opinion the government could

8   prove every essential element of this case and everything you

9   have outlined in the factual stipulation for the guilty plea?

10             MR. WALKER:  That's exactly what I'm saying.

11             THE COURT:  All right.

12             Then, Dr. Hargrave, how do you plead to Count 1 --

13   before that, has anyone forced you or threatened you or

14   intimidated you in any way to enter a plea of guilty?

15             THE DEFENDANT:  No, sir.

16             THE COURT:  This is a knowing, intentional, and

17   voluntary plea?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  Now, how do you plead to Count 1 of the

20   indictment?

21             THE DEFENDANT:  I plead guilty, Your Honor.

22             THE COURT:  Since you acknowledge that you are, in

23   fact, guilty as charged in Count 1 of the indictment, since

24   you know your right to a trial, what the maximum possible

25   punishment is, and since you are voluntarily pleading guilty,

1    I will accept your guilty plea and enter a judgment of guilty

2    on your plea.  This Court does find that this plea is

3    knowingly, intentionally, and voluntarily made.  The Court

4    finds that there is a factual basis for the plea, and the

5    clerk is ordered to enter the plea at this time.  This

6    defendant now stands convicted.

7             The Court will order the customary presentence

8    investigation report to be completed, a copy to be provided

9    to the defendant, defense counsel, and the government at the

10   appropriate time and we'll then set a sentencing date.

11            MR. WALKER:  Your Honor, at this time the

12   United States would file into the record the completed plea

13   packet that has been signed in all appropriate places by all

14   parties.

15            MR. STOCKSTILL:  No objection?

16            THE COURT:  Without objection, let it be filed into

17   the record.

18            Thank you very much.

19            MR. WALKER:  Thank you, Your Honor.

20            MR. STOCKSTILL:  Thank you.

21                              (Proceedings adjourned.)

22                      *  *  *  *

23

24

25

1                          CERTIFICATE

2

3          I hereby certify this 13th day of September, 2011, that

4     the foregoing is, to the best of my ability and

5     understanding, a true and correct transcript of the

6     proceedings in the above-entitled matter.

7

8                                      S/Mary V. Thompson

9     _____
                                       Official Court Reporter

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25